UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

_____
PREFERRED CAROLINAS REALTY, INC., )
)
                 Plaintiff, )
v. )
) Civil Action No. 1:13-cv-00181
)
AMERICAN HOME REALTY NETWORK, INC., )
D/B/A NEIGHBORCITY.COM, )
)
                 Defendant. )
_____)

## ANSWER OF AMERICAN HOME REALTY NETWORK, INC.

The Defendant, American Home Realty Network, Inc., answers the Complaint of Plaintiff, Preferred Carolinas Realty, Inc., as follows:

### FIRST DEFENSE

1. The allegations of Paragraphs 14, 78, 79, and 80 of the Complaint are admitted.

2. The allegations of Paragraphs 16, 17, 23, 29, 35, 41, 47, 53, 59, 65, 71, 77, 88, 91, 97, 100, 106, and 109 of the Complaint are denied.

3. As to Paragraphs 5, 7, 8, 9, 10, 11, 12, 13, 15, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 48, 49, 50, 51, 52, 54, 55, 56, 57, 58, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 81, and 87 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies the same.

4. As to Paragraphs 89, 90, 92, 93, 94, 95, 98, 99, 101, 102, 103, 104, 107, 108, 110, 111, 112, 113 of the Complaint, the allegations contained therein raise questions of law to which the Defendant is not required to plead, except that Defendant denies that it is liable for copyright infringement.

5. As to Paragraph 1 of the Complaint, Defendant denies the allegations contained therein, except that it admits that two federal district courts have issued preliminary injunctions against AHRN in response to allegations unrelated to Plaintiff's allegations herein, and states that it is not required to respond to the last sentence of Paragraph 1 because it is in the nature of a summary of the relief sought by Plaintiff in this lawsuit.

6. As to Paragraphs 2 and 4 of the Complaint, the allegations contained therein raise questions of law to which the Defendant is not required to plead.

7. As to Paragraph 3 of the Complaint, the Defendant denies the allegations contained therein, except that it admits that it has contracts with real estate brokers and agents in the State of North Carolina, under which it provides referrals, and the brokers and agents consent to having their listings displayed on AHRN's web site. These agreements include agreements with Plaintiff's agents who have represented that Plaintiff consents to have its real estate listings displayed on Defendant's web site.

8. As to Paragraph 6 of the Complaint, Defendant denies the allegations contained therein, except that it admits that it is a corporation organized

and existing under the law of the State of Delaware and having its principal place of business as 222 7th Street, San Francisco, California and operates the website www.neighborcity.com, and states that it is not required to respond to the second sentence of Paragraph 6 because it raises a question of law to which Defendant is not required to plead.

9. As to the allegations contained in Paragraph 72 of the Complaint, Defendant admits it received a letter, a copy of which appears in Exhibit J to the Complaint. Defendant is not required to respond further as the letter speaks for itself.

10. As to the allegations contained in Paragraph 73 of the Complaint, Defendant admits it sent a letter, a copy of which appears in Exhibit K to the Complaint. Defendant is not required to respond further as the letter speaks for itself.

11. As to the allegations contained in Paragraph 74 of the Complaint, Defendant states that its letter speaks for itself.

12. As to Paragraph 75 of the Complaint, Defendant denies the allegations contained therein as no response as to Defendant's letter was received from either Plaintiff or its parent company.

13. As to Paragraph 76 of the Complaint, Defendant denies the allegations contained therein as the allegations imply a wrongful use or display of the photographs.

14. As to Paragraph 82 of the Complaint, Defendant admits the allegations contained therein, except that it notes the court reconsidered and revised

its preliminary injunction on November 13, 2012 limiting its scope to MRIS's copyrighted photographs.

15. As to Paragraph 83 of the Complaint, Defendant admits the allegations contained therein, except that it notes the court's preliminary injunction covered only certain photographs, agent remarks and public remarks.

16. As to Paragraph 84 of the Complaint, Defendant denies the allegations contained therein in that the allegations imply that the injunctions in other cases apply to plaintiff's allegedly copyrighted photographs and that any copying and display of plaintiff's allegedly copyrighted photographs by Defendant was wrongful.

17. As to Paragraph 85 of the Complaint, Defendant admits the allegations contained therein, except that it denies that the two contempt motions were "similar."

18. As to Paragraph 86, 96 and 105 of the Complaint, Defendant incorporates by reference herein its responses to the allegations contained in Paragraphs 1-85 of the Complaint as if set forth in full here.

## SECOND DEFENSE

Plaintiff's Complaint, in whole and in part, fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's copyright infringement claims are barred by copyright invalidity in that Plaintiff's alleged copyrighted works are not original and contain elements lacking copyrightable subject matter.

4

## FOURTH DEFENSE

Plaintiff's copyright infringement claims are barred by copyright invalidity in that the Plaintiff is not the owner of the alleged copyrighted works.

## FIFTH DEFENSE

Plaintiff's copyright infringement claims are barred from being enforced because the copyrights were improperly registered.

## SIXTH DEFENSE

Plaintiff's copyright infringement claims are barred in that any copying alleged by the Defendant was "de minimus."

## SEVENTH DEFENSE

Plaintiff's copyright infringement claims are barred in that any alleged copying by the Defendant was of works not protectable by copyright.

## EIGHTH DEFENSE

Plaintiff's copyright infringement claims fail as the alleged infringing works are not substantially similar to Plaintiff's alleged copyrighted work.

## NINTH DEFENSE

Plaintiff's copyright infringement claims are barred by fair use.

## TENTH DEFENSE

Plaintiff's copyright infringement claims are barred, in whole or in part, by the copyright owner's permission or grant of a license.

## ELEVENTH DEFENSE

Plaintiff's copyright infringement claims are barred by copyright misuse.

## TWELFTH DEFENSE

The alleged damages sustained by Plaintiff, if any, are the proximate result of the acts and/or omissions of parties over which Defendant exercised no control.

## THIRTEENTH DEFENSE

Plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412(2) as Plaintiff did not register with the Copyright Office its claims of copyright prior to Defendant's alleged infringements or within three months after first publication.

## FOURTEENTH DEFENSE

Any statutory damages Plaintiff may be entitled to under 17 U.S.C. § 412(2) would be limited to one count on each group of photographs allegedly registered with the Copyright Office.

## FIFTEENTH DEFENSE

Plaintiff has suffered no harm and/or irreparable harm as a consequence of Defendant's alleged acts or omissions.

**WHEREFORE,** having fully answered, the Defendant prays the Court as follows:

1. That the Plaintiff have and recover nothing of it and that Plaintiff's claims be dismissed;
2. For a trial by jury;
3. That all costs and expenses, including reasonable attorney's fees for Defendant, be taxed to Plaintiff; and,
4. For such other and further relief as the Court deems just and proper.

Date: May 14, 2013	Respectfully submitted,

THE VAN WINKLE LAW FIRM

By:  /s/Larry S. McDevitt
    Larry S. McDevitt
    State Bar No. 5032
    David M. Wilkerson
    State Bar No. 35742
    Heather Whitaker Goldstein
    State Bar No. 26194
    11 North Market Street
    Asheville, NC  28801
    828-258-2991 (phone)
    828-255-0255 (fax)
    lmcdevitt@vwlawfirm.com (email)
    dwilkerson@vwlawfirm.com (email)
    hgoldstein@vwlawfirm.com (email)

*Counsel for Defendant American Home Realty Network, Inc.*

Of Counsel:

Richard S. Toikka
L. Peter Farkas
Farkas & Toikka, LLP
1101 30th Street, NW, Suite 500
Washington, DC 20007
202-337-7200 (phone)
202-337-7808 (fax)
rst@farkastoikka.com (email)
lpf@farkastoikka.com (email)

Christopher R. Miller
Chief Legal Officer and General Counsel
American Home Realty Network, Inc.
222 7th Street, 2nd Floor
San Francisco, California  94103
800-357-3321 (phone)
C.Miller@NeighborCity.com (email)

## CERTIFICATE OF SERVICE

I certify that on May 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan T. Simpson
> Teague, Campbell, Dennis & Gorham, LLP
> bsimpson@tcdg.com
>
> Scott E. Murray
> Barnes & Thornburg LLP
> smurray@btlaw.com
>
> Attorneys for Plaintiff

THIS 14th day of May, 2013.

/s/Larry McDevitt
Larry McDevitt