IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PREFERRED CAROLINAS  )
REALTY, INC.,        )
                     )
        Plaintiff,   )
                     )
    v.               )        1:13CV181
                     )
AMERICAN HOME REALTY )
NETWORK, INC.,       )
d/b/a NEIGHBORCITY.COM )
                     )
        Defendant.   )

### ORDER

This matter comes before the Court on Plaintiff's Motion to Strike Attorneys'-Eyes-Only Designations (Docket Entry 30). The instant Motion concerns the Parties' dispute over the appropriateness of designations made pursuant to the Attorneys'-Eyes-Only provision in the Stipulated Protective Order (Docket Entry 26), with respect to Defendant's responses to Interrogatories No. 2, 3, and 4 (see Docket Entry 30 at 1). On September 26, 2013, the Parties presented arguments before the undersigned Magistrate Judge during a telephone conference pursuant to Local Rule 37.1(b). (Docket Entry dated Sept. 26, 2013; see also Docket Entry 30 at 1.) At the end of that conference, the Court orally granted Plaintiff's instant Motion. The Court now enters this written order memorializing that ruling.

BACKGROUND

Plaintiff filed this action on March 4, 2013, alleging that Defendant has infringed Plaintiff's copyrights by displaying Plaintiff's real-estate listings and photographs on Defendant's website. (Docket Entry 1 at 1.) On August 15, 2013, the Parties filed a Joint Motion for Entry of Stipulated Protective Order (Docket Entry 24), which the Court entered on August 19, 2013. (Docket Entry 26). The Stipulated Protective Order permits

> [A]n "ATTORNEY'S EYES ONLY" designation only with respect to Confidential Material constituting highly sensitive employment records, personnel records, financial documents or information, certain emails involving personal information, or <u>other proprietary information which</u> the Designating Party believes in good faith <u>will harm its competitive position if it becomes known</u> to any person, entity, or Party other than the Designating Party.

(<u>Id.</u> at 3 (emphasis added).) The Order further provides that, "at any time after the designation of Confidential Material, either Party may challenge a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation of all or any portion thereof by providing written notice to all Parties." (<u>Id.</u> at 12.) Should the Parties continue to disagree as to the propriety of a designation, "the Receiving Party can seek from the Court an order permitting it to modify or remove the designation of the documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY <u>with the burden remaining on the Designating Party</u> to justify the designation under the terms of this Order and Fed. R. Civ. P. 26(c)." (<u>Id.</u> (emphasis added).)

Plaintiff's Interrogatory No. 2 requests identification of all of Defendant's websites operated between January 2012 and the present, as well as "a short description of the nature of each website and the dates each website operated."[1] Plaintiff's Interrogatory No. 3 seeks the origin of certain photographs from screenshots of Defendant's websites attached to Plaintiff's Complaint, including the identity of each photographer, the date of each photograph, if Defendant claims permission for use of each photograph, and the source of that permission. Finally, Plaintiff's Interrogatory No. 4 asks for all dates on which Defendent displayed each of the same photographs on any of its websites. Defendant designated its supplemental answers to said Interrogatories as Attorneys' Eyes Only. In response to this designation and the Parties' inability to reach an agreement, Plaintiff requested and Defendant agreed to a telephone discovery hearing under Local Rule 37.1(b).

DISCUSSION

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . [by] requiring that a trade secret or other

---

[1] Because Defendant has requested an Attorneys'-Eyes-Only designation, the Clerk shall docket under seal the Interrogatories and Responses. See, e.g., Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001) (observing that "better rule is that material filed with discovery motions is not subject to the common-law right of access").

-3-

confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1). Generally, courts reserve Attorneys'-Eyes-Only designations for especially sensitive information, particularly when a competitor would receive such information. See Westbrook v. Charlie Sciara & Son Produce Co., Inc., No. 07-2657, 2008 WL 839745, at *4 (W.D. Tenn. Mar. 27, 2008) (unpublished). "To establish good cause for a protective order under Federal Rule of Civil Procedure 26(c), the courts have insisted on a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981) (internal quotation marks omitted) (quoting In re Halkin, 194 U.S. App. D.C. 257, 274 (1979)). Thus, for the Designating Party to overcome the Receiving Party's challenge, it must "show[] that disclosure will work a clearly defined and serious injury to the party seeking extraordinary confidential treatment." Arvco Container Corp. v. Weyerhaeuser Co., No. 1:08CV548, 2009 WL 311125, at *6 (W.D. Mich. Feb. 9, 2009) (unpublished).

Defendant asserts that Plaintiff is a competitor and that Defendant's competitive position would be harmed should Plaintiff gain access to information about its websites.[2] Defendant

---

[2] The Court recorded the Parties' telephone discovery hearing and the Clerk will maintain such record on file.

describes these websites as developmental in nature, with new designs intended for internal use to test the next upgrade of Defendant's NeighborCity.com website. As evidence of their confidential nature, Defendant offers that these developmental websites are password protected and cannot be located using a search engine. However, Plaintiff's Interrogatories do not request information concerning the designs or features of Defendant's websites; rather, Plaintiff seeks website addresses and information concerning photographs allegedly displayed on the websites. Such information does not readily appear to constitute particularly sensitive information, the disclosure of which would pose a specific risk of injury to Defendant's competitive position and Defendant has not offered evidence to indicate otherwise.[3]

Defendant also alleges that Plaintiff could use Defendant's amended responses to these Interrogatories against Defendant in another suit; however, a Confidential designation would prevent the use of the amended responses in another case. (See Docket Entry 26 at 6-7.) On this ground as well, Defendant has failed to produce specific evidence of the harm it would suffer should Plaintiff obtain such information without an Attorneys'-Eyes-Only designation.

---

[3] To the extent Defendant contends that Plaintiff could access the developmental websites by simply knowing their names, the Court can only conclude Defendant has failed to take reasonable steps (such as password-protection) that would support a finding that Defendant treats such information as particularly sensitive.

Moreover, Plaintiff has presented evidence - in the form of a sworn declaration from a related case in the United States District Court for the District of Maryland - demonstrating that three of Defendant's six developmental websites could be accessed without a password on various dates between June and August 2013.[4] The fact that several developmental websites remained unprotected as recently as August 2013 undermines Defendant's assertion that the sites contain confidential and proprietary information. Under these circumstances, Defendant has failed to sustain its burden to support the Attorneys'-Eyes-Only designations under the Stipulated Protective Order and Federal Rule of Civil Procedure 26(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Attorneys'-Eyes-Only Designations (Docket Entry 30) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff shall maintain Defendant's Supplemental Objections and Answers to Interrogatories No. 2, 3, and 4 as Attorneys' Eyes Only until October 19, 2013, to preserve the status quo and to permit Defendant to seek further review and a further stay of this Order.

---

[4] Defendant did not contest this showing.

**IT IS FURTHER ORDERED** that the Clerk shall docket under seal a copy of Defendant's Supplemental Objections and Answers to Interrogatories No. 2, 3, and 4.

                              /s/ L. Patrick Auld
                              **L. Patrick Auld**
                       **United States Magistrate Judge**
October 1, 2013