IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PREFERRED CAROLINAS REALTY,   )
INC.,                         )
                              )
        Plaintiff,            )
                              )        1:13cv181
    v.                        )
                              )
AMERICAN HOME REALTY NETWORK, )
INC.,                         )
                              )
        Defendant.            )

## ORDER

This matter is before on Preferred Carolinas Realty, Inc.'s Motion for Leave to Temporarily File Brief and Supporting Materials under Seal. (Doc. 50.) Defendant American Home Realty Network, Inc., has not filed a response within the time allowed.

There are several issues raised by this motion and the underlying motion for summary judgment. First, Plaintiff has previously moved for summary judgment (Doc. 9) but apparently before discovery, which is now available and cited in the most recent motion for summary judgment (Doc. 49). Insofar as it is preferable to consider a motion for summary judgment after the parties have had an adequate period to conduct discovery, the court in its discretion will consider the first motion for summary judgment to be superseded by the current motion. The court therefore intends to consider and rule upon only the most

recent motion for summary judgment (Doc. 49). The first motion will be administratively terminated. This renders Defendant's motion to strike Plaintiff's reply brief in support of the first motion (Doc. 21) moot.

Second, ostensibly out of an abundance of caution, Plaintiff has filed its complete brief in support of its recent motion for summary judgment (Doc. 50) under seal. Plaintiff reports that this is based on the fact that Defendant designated a deposition quoted within it confidential based on the parties' agreed upon protective order. The mere fact that the parties agreed they could unilaterally designate certain materials confidential, however, is insufficient grounds to permit them to remain under seal.

A court's power over its records is constrained by two separate legal principles: the public's common-law right of access to judicial records, Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597-98 (1978), and the First Amendment's grant of access to judicial records. Under the common law, the public has a presumptive right to access judicial records; that presumption can be rebutted if the party seeking to seal records can demonstrate that "some significant interest . . . outweighs the presumption." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). What counts as a "significant interest" varies from case to case, but courts have recognized

2

that private business records that might harm a litigant's competitive standing, see Nixon, 435 U.S. at 598, or records that might promote scandal, Level 3 Commc'ns, LLC v. Limelight Networks, Inc., 611 F. Supp. 2d 572, 577 (E.D. Va. 2009), may outweigh the public common law right to access to judicial records.

The First Amendment, on the other hand, provides a significantly stronger right of access to judicial records. Va. Dept. of State Police v. Washington Post, 386 F.3d 567, 575 (4th Cir. 2004). The First Amendment "presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984). While the common law right of access applies to "all 'judicial records and documents,'" Stone v. Univ. of Md. Medical Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) (quoting Nixon, 435 U.S. at 597), the Fourth Circuit has held that the "more rigorous First Amendment standard should . . . apply to documents filed in connection with a summary judgment motion," Rushford, 846 F.2d at 253. See also Lohr v. UnitedHealth Group, Inc., Case No. 1:12CV718, 2013 WL 4500682 (M.D.N.C. Aug. 21, 2013) (applying First Amendment standard with respect to requests to seal documents on dispositive motion); Louisiana Pacific Corp. v. Akzo Nobel Coatings, Inc., Case No.

1:12CV625, 2013 WL 249609 (M.D.N.C. Jan. 23, 2013) (same); Colony Ins. Co. v. Peterson, Case No. 1:11CV581, 2012 WL 1047089 (M.D.N.C. Mar. 28, 2012) (noting that parties' designation of materials as confidential does not relieve court of obligation to comply with Fourth Circuit's otherwise applicable sealing regimen).

In light of these authorities, it is not apparent why Plaintiff's brief in support of its motion for summary judgment should be filed under seal. One party's unilateral designation as confidential is insufficient grounds, without support, to permit the document to remain under seal. The public has a right of access. Indeed, Plaintiff takes the position that the court should unseal its brief. Defendant did not respond to Plaintiff's motion.

The parties are directed to meet and confer within five (5) days as to whether Plaintiff's brief (Doc. 51) and any attachments should remain sealed. If Defendant argues that any portion should remain sealed, Plaintiff shall file by March 4, 2014, a redacted version for public viewing. Defendant will have ten days within which to file a motion and brief to support sealing of whatever portions of the materials it contends are entitled to protection under the relevant authorities, keeping in mind the strong presumption of public access at the summary judgment stage. Plaintiff will have ten days to respond. If

4

the parties agree that Plaintiff's brief can be filed publicly, they shall file a statement to that effect, and the court will remove its present sealed status.  In the meantime, the brief will remain under seal to allow the parties an opportunity to resolve the issue.  See <u>Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.</u>, 455 F. Supp. 2d 399, 438 (D. Md. 2006) (permitting documents to remain under a temporary seal until the parties renewed their motions to permanently seal the documents).

SO ORDERED.

<u>     /s/    Thomas D. Schroeder</u><br>
United States District Judge

February 26, 2014