**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

PREFERRED CAROLINAS )
REALTY, INC., )
                            )
          Plaintiff, )
                            )
    v. )          1:13CV181
                            )
AMERICAN HOME REALTY )
NETWORK, INC., )
d/b/a NEIGHBORCITY.COM )
                            )
          Defendant. )

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Compel Written Discovery and 30(b)(6) Deposition. (Docket Entry 42.) For the reasons that follow, the Court will deny Defendant's instant Motion.

### I. BACKGROUND

Plaintiff filed this action on March 4, 2013, alleging that Defendant has infringed Plaintiff's copyrights by displaying Plaintiff's photographs on Defendant's website. (Docket Entry 1 at 1.) The adopted Rule 26(f) Report set the discovery deadline for January 1, 2014. (Text Order dated July 3, 2013.)

Defendant served its requests for production of documents on September 25, 2013. (Docket Entry 43 at 3; see also Docket Entry 48 at 4.) On October 28, 2013, Plaintiff responded, agreeing to produce some documents, but objecting to some of the requests.

(Docket Entry 43 at 3; see also Docket Entry 48 at 5.) Specifically, Plaintiff objected to Defendant's second and eleventh requests for production as overly broad and insufficiently particular and objected to Defendant's seventh, twelfth, thirteenth, and fourteenth requests for production as overly broad and irrelevant to the claims and/or copyrighted works at issue. (Docket Entry 48 at 7-12; see also Docket Entry 43-2 at 13-20 (Plaintiff's Responses to Defendant's Interrogatories and Requests for Production of Documents).) On November 25, 2013, Plaintiff produced documents it previously had committed to make available. (Docket Entry 43 at 3.)

On December 5, 2013, Defendant notified Plaintiff of its intent to take a Rule 30(b)(6) deposition and provided a list of topics. (Id. at 3-4.) Plaintiff produced Daniel Washington, its Senior Vice President of Sales Support, as a Rule 30(b)(6) witness and the Parties conducted the deposition on December 20, 2013. (Id. at 4.) At the deposition, according to Defendant, Mr. Washington did not satisfactorily answer certain questions which Defendant contends properly fit within the topics previously agreed upon by the Parties. (See id. at 14-19.)

Defendant filed the instant Motion to Compel on December 31, 2013. (Docket Entry 42.) Plaintiff responded in opposition. (Docket Entry 48.) Defendant replied. (Docket Entry 59.) Since the close of discovery, Plaintiff has moved for summary judgment

-2-

(Docket Entry 49) and Defendant has moved for partial summary judgment as to certain claims (Docket Entry 53).

Defendant's instant Motion contends that "Plaintiff has responded with meritless objections to numerous standard requests for production from [Defendant] and has also refused to produce documents pursuant to these requests . . . ." (Docket Entry 43 at 1.) It further argues that Mr. Washington, Plaintiff's Rule 30(b)(6) witness, demonstrated a lack of preparation and ability to answer questions sufficient to constitute a failure to appear. (Id. at 1, 13.) Defendant thus seeks an order requiring Plaintiff to produce documents responsive to the requests to which it objected and to afford Defendant the opportunity to depose an alternate Rule 30(b)(6) witness. (Id. at 2.)

In opposition, Plaintiff contends that Defendant did not timely file its instant Motion as it relates to Defendant's requests for production and that Defendant did not properly meet and confer with Plaintiff with respect to its request for an additional Rule 30(b)(6) deposition. (Docket Entry 48 at 1-2.) On the merits, Plaintiff asserts that Defendant's document requests did not comply with Federal Rule of Civil Procedure 34. (Id. at 1.) Plaintiff further argues that Defendant "has not identified any properly noticed questions that [Plaintiff's Rule 30(b)(6)] designee could not answer . . . . [and Plaintiff] provided . . .

additional information [which] fills any gaps in the designee's original testimony." (Id. at 16.)

## II.  DISCUSSION

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's notes, 1983 Amendment. Accordingly, under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant to any party's claim or defense</u> . . . . " Fed. R. Civ. P. 26(b)(1) (emphasis added). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u>; <u>see also</u> <u>Elkins v. Broome</u>, No. 1:02CV305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004) (unpublished) ("[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane' as opposed to competency or admissibility."); <u>Flora v. Hamilton</u>, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader.").

However, "[a]ll discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). Specifically, Rule 26(b)(2)(C) limits discovery where:

>     (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>     (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>     (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C); see also Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004) ("Even assuming that this information is relevant (in the broadest sense), the simple fact that requested information is discoverable . . . does not mean that discovery must be had. On its own initiative or in response to a motion for protective order under Rule 26(c), a district court may limit [such discovery] . . . if it concludes that [a limitation in Rule 26(b)(2)(C) applies].").

Notwithstanding the foregoing limitations, the United States Court of Appeals for the Fourth Circuit has declared that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003). Moreover, the commentary to the Rules indicates that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given

-5-

action." Fed. R. Civ. P. 26 advisory committee's notes, 2000 Amendment, Subdivision (b)(1). In applying the foregoing principles, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion. See Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243-44 (M.D.N.C. 2010) (citing cases).

A.  Defendant's Requests for Production of Documents

As an initial matter, Plaintiff asserts that Defendant's instant Motion, as it relates to the production of documents, should be denied as untimely. (Docket Entry 48 at 2-6.) Neither the Federal Rules of Civil Procedure nor this Court's Local Rules provide a specific timeframe in which a party must file a motion to compel. See Fed. R. Civ. P. 37(a); M.D.N.C. R. 37.1. Although some district courts in the Fourth Circuit require the filing of a motion to compel within strict time limits, see, e.g., D. Md. R. 104(8)(a), this Court has not adopted such a requirement, as Plaintiff admits (see Docket Entry 48 at 4). The Court thus finds unpersuasive Plaintiff's reliance on a case from the District of Maryland, which enforces a thirty-day rule, to support its assertion of the instant Motion's untimeliness. (See id. at 3-4

(citing Blind Indus. & Servs. of Md. v. Route 40 Paintball Park, 2012 WL 4470273, No. WMN-11-3562, at *2 (D. Md. Sept. 26, 2012) (unpublished)).)

In this Court, "[g]enerally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely." Lane v. Lucent Techs., Inc., No. 1:04CV789, 2007 WL 2079879, at *3 (M.D.N.C. July 17, 2007) (Osteen, Sr., J.) (unpublished); see also PCS Phosphate Co., Inc. v. Norfolk So. Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006) ("Generally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely."). The Court finds no reason to deviate from that precedent in this case and thus concludes that Defendant timely filed its instant Motion.

However, with respect to Defendant's second and eleventh requests for production, the Court concludes that Plaintiff properly objected to these requests as insufficiently particular. A party serving a request for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). To satisfy this standard, such requests must "place the respondents on reasonable notice of what is called for and what is not." Parsons v. Jefferson-Pilot Corp., 141 F.R.D. 408, 412 (M.D.N.C. 1992). "Broad

-7-

and undirected requests for all documents which relate in any way to the complaint are regularly stricken as too ambiguous." Id.

Accordingly, Defendant's eleventh request for production, which seeks "[a]ny and all documents that [Plaintiff] contend[s] support any of [Plaintiff's] claims against [Defendant] or are relevant to any of [Defendant's] defenses as set forth in its Answer" (Docket Entry 43-1 at 22), fails to meet Rule 34's reasonable particularity standard, see, e.g., Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 202 (N.D. W. Va. 2000) ("[A] document request is not reasonably particular if it merely requests documents 'related to a claim or defense' in the litigation." (quoting Parsons, 141 F.R.D. at 412)).

On its face, Defendant's second request, which seeks "any and all documents that support, refer to, relate to, or evidence any of the facts identified by you in your responses to [Defendant's] Interrogatories served concurrently herewith" (Docket Entry 43-1 at 20), appears more specific than its eleventh request. However, Plaintiff contends that, due to the numerous facts contained in its responses and the similarly high volume of documents that might relate to any given fact, this request "would encompass many documents that have nothing to do with the copyright claims at issue." (Docket Entry 48 at 8.) In support of its contention, Plaintiff notes that, for instance, as to the fact "that it operates under several assumed names" it might have to "produce all

-8-

emails containing an assumed name." (Id.) Plaintiff identified ten such assumed names (Docket Entry 43-2 at 10), suggesting that requiring Plaintiff to produce all documents which refer or relate to one of these ten names would impose an unreasonable burden, simply to comply with Defendant's second request as it relates to one of seventeen interrogatories.

Defendant counters that its "request[] for information that supports the answers that [Plaintiff] gave in its interrogatories . . . . is not an unreasonable request." (Docket Entry 43 at 6.) In this regard, Defendant mischaracterizes its own request, which seeks not only documents that support Plaintiff's interrogatory answers, but also those that refer or relate to facts identified. (Docket Entry 43-1 at 20; see also Smith v. Café Asia, 256 F.R.D. 247, 255 (D.D.C. 2009) (finding not overly burdensome party's request for identification of "all documents on which it *relied* in support of the answer to that interrogatory" where party did not seek identification of "all documents which relate to the interrogatory").) Under these circumstances, the Court concludes that Defendant's second request for production does not meet Rule 34's reasonable particularity standard.

Defendant's remaining requests for production apparently concern its copyright misuse defense, under which it has alleged that "[Plaintiff] has been engaged in a planned, coordinated, and illegal attempt to misuse copyrights on photographs to prevent

-9-

competition in violation of the Clayton Act and public policy" (Docket Entry 43 at 10). Its seventh request seeks "all of [Plaintiff's] End User License Agreements with any MLS entity, including but not limited to the End User License by which [Plaintiff] allegedly licenses its copyrights in the photographs to Carolina MLS." (Docket Entry 43-1 at 21.) In response, Plaintiff agreed to produce such agreements relating to the photographs in dispute, but otherwise objected to the request as "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." (Docket Entry 43-2 at 16.) However, Defendant's instant Motion contends that it needs <u>all</u> such agreements as "important evidence of Plaintiff's intent to maintain a monopoly with various multiple listing services and exclude competition." (Docket Entry 43 at 7.)

Similarly, Defendant's twelfth, thirteenth, and fourteenth requests seek "any and all documents comprising or relating to [Plaintiff's] communications with [the National Association of Realtors, American Home Services of America, Inc., and third parties] regarding [Plaintiff's] copyrights or this lawsuit." (Docket Entry 43-1 at 23.) Again, Plaintiff objected to each of these requests as "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence" (Docket Entry 43-2 at 18-19) and Defendant's instant Motion describes the requests as "highly relevant to [Defendant's] defense of copyright misuse" (Docket Entry 43 at 8).

Defendant "believes that [Plaintiff] is misusing copyrights in concert with others to prevent competition in the real estate market." (Docket Entry 59 at 7.) Further, Defendant cites to the Fourth Circuit's opinion in Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990), to support the relevance of its document requests in relation to its asserted copyright misuse defense. (See Docket Entry 43 at 8; Docket Entry 59 at 7.) In that case, the alleged infringer successfully challenged the rightholder's licensing agreement as copyright misuse, because it included a 99-year non-compete clause as a condition of licensing the copyrighted works. See Lasercomb, 911 F.2d at 978. In contrast, Defendant's instant filings allege a "conspiracy with various MLSs and brokers . . . . [to] sue[] [Defendant] in multiple federal districts." (Docket Entry 59 at 5-6.) Similarly, in raising the copyright misuse defense in response to Plaintiff's Second Motion for Summary Judgment, Defendant cites only to Lasercomb and claims the defense applies because "[Plaintiff's] attempt to enforce its alleged copyrights is being done in concert with other brokers and MLSs . . . ." (Docket Entry 63 at 8-9.)

However, when Defendant recently raised the same argument before another court, it concluded that, "[e]ven if . . .

-11-

[Plaintiff] was collectively enforcing its copyrights with other MLSs, that would not, alone, amount to copyright misuse." Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 888 F. Supp. 2d. 691, 711-12 (D. Md. 2012). Other district courts have similarly concluded that such actions to enforce copyrights do not constitute misuse and have taken steps to prevent burdensome discovery concerning antitrust issues on that basis. See UMG Recordings, Inc. v. Lindor, 531 F. Supp. 2d 453, 459 (E.D.N.Y. 2007) (citing Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522, 1538-39 (S.D.N.Y.), for proposition that "collective action to enforce copyrights did not amount to copyright misuse" and granting motion to strike copyright misuse defense because "allowing discovery to proceed on defendant's antitrust theory would prejudice plaintiffs"); Microsoft Corp. v. Computer Support Servs. of Carolina, Inc., 123 F. Supp. 2d 945, 955-56 (W.D.N.C. 2000) (finding Lasercomb inapplicable where defendants made only "vague allegations" that plaintiff's efforts to enforce its copyrights amounted to misuse and granting motion to strike copyright misuse defense); Everco Indus., Inc. v. O.E.M. Prods. Co., 362 F. Supp. 204, 206 (N.D. Ill. 1973) (finding that defendant's request in copyright suit for "all contracts and communications between [p]laintiff and certain other companies is not a properly defined request for production" to support unfair

competition defense and sustaining plaintiff's objections); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 558 (2007) ("[P]roceeding to antitrust discovery can be expensive.").

The Court thus concludes that Plaintiff would face a substantial unwarranted burden in responding to Defendant's seventh, twelfth, thirteenth, and fourteenth requests. In that regard, the Court further notes that Defendant has not limited these requests for production as to a timeframe for which it seeks relevant documents, see, e.g., Motton v. Owens, 128 F.R.D. 72, 73 (M.D. Pa. 1989) ("[Party's] failure to limit his production request to relevant time period made his request overbroad and unduly burdensome."), and that Defendant's fourteenth request seeks communications with any third parties regarding copyrights or the instant suit (see Docket Entry 43-1 at 23). Simply put, Defendant's requests do not appear "reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1). Alternately, assuming the relevancy of Defendant's requests, "the burden [and] expense of the proposed discovery outweighs its likely benefit, considering the needs of the case . . . and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).[1]

---

[1] Defendant also asserts that Plaintiff's objections to its discovery requests constitute boilerplate objections and the Court should disregard them on that basis. (See Docket Entry 43 at 8-10 (citing Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 364 (D. Md. 2008) ("[M]erely stating that a discovery request is

-13-

B. Defendant's Request for an Additional Rule 30(b)(6) Deposition

As an initial matter, Plaintiff contends that Defendant did not properly meet and confer as to the request for an additional deposition of a Rule 30(b)(6) witness, as required by the Federal Rules of Civil Procedure and this Court's Local Rules. (Docket Entry 48 at 15.) In that regard, Plaintiff notes that when the Parties met and conferred regarding an additional deposition, Defendant requested to depose two specific individuals, but now Defendant requests, pursuant to Rule 30(b)(6), "only that a 'witness' appear who is knowledgeable about the identified matters." (Id.) This Court's Local Rules require that "moving counsel file[] a certificate that after personal consultation and diligent attempts to resolve differences the parties are unable to reach an accord." M.D.N.C. R. 37.1(a). Although Defendant may have worded its request differently when the parties met and conferred than it has in its instant Motion, the Court does not find that Defendant has failed to "make diligent attempts to resolve differences." Id. Furthermore, Defendant's second request appears more modest than its first; initially, Defendant demanded two depositions of specific individuals as opposed to its instant

---

'overbroad' or 'unduly burdensome' will not suffice to state a proper objection.")).) However, the Court does not find that Plaintiff has made boilerplate objections as Defendant has alleged. Although Plaintiff has repeated certain key terms in several of its responses, it has also explained its reasoning in objecting to each request. (See Docket Entry 43-2 at 13-20.)

-14-

request for one deposition of an individual selected by Plaintiff. Under these circumstances, the Court concludes that Defendant has met its obligation to meet and confer under Local Rule 37.1(a).

Nonetheless, the Court does not find that Mr. Washington's inability to answer certain questions at his deposition provides adequate grounds for Defendant to depose an additional Rule 30(b)(6) witness. Rule 30(b)(6) "'requires a good faith effort . . . to find out the relevant facts - to collect information, review documents, and interview employees with personal knowledge.'" Dorsey v. TGT Consulting, LLC, 888 F. Supp. 2d 670, 685 (D. Md. 2012) (quoting Wilson v. Lakner, 228 F.R.D. 524, 528-29 (D. Md. 2005)). However, "[a]bsolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that a corporation has failed to comply with its obligation." QBE Ins. Corp. v. Jorda Enters., 277 F.R.D. 676, 691 (S.D. Fla. 2012); see also Briese Lichttechnik Vertriebs GmbH v. Langton, 272 F.R.D. 369, 375 (S.D.N.Y. 2011) (finding that existence of "a number of questions to which [Rule 30(b)(6)] witnesses responded that they did not know the answer" failed to merit additional deposition where witnesses appeared otherwise adequately prepared).

Defendant contends that Mr. Washington lacked preparation to adequately answer questions relating to: (1) the process involved in Plaintiff's determination that certain photographs did not

-15-

constitute works for hire; (2) the content of two sworn declarations of Plaintiff's President; and (3) the authorship of one of twenty photos taken of one of the subject properties. (Docket Entry 43 at 14-18.) A review of the deposition transcript indicates that, as to the first two matters, Defendant's lines of inquiry stalled not principally because of lack of preparation by Mr. Washington, but rather because Plaintiff's counsel perceived them as impinging upon attorney-client confidences. (See Docket Entry 43-7 at 86-88, 120-22.) Further, as to the third matter, Plaintiff's counsel subsequently provided Defendant with the relevant information, as Defendant admits. (See Docket Entry 43 at 18-19.)[2] Under these circumstances, Defendant has failed to show a lack of good faith effort by Mr. Washington warranting an additional Rule 30(b)(6) deposition.

Defendant cites multiple cases for the proposition that "producing an unprepared Rule 30(b)(6) witness is tantamount to failure to appear." (Docket Entry 43 at 13.) However, these cases involved extreme obfuscation and unpreparedness not reflected by the record in the instant case. See, e.g., Resolution Trust Corp. v. Southern Union Co., Inc., 985 F.2d 196, 197 (ruling that district court properly granted motion for sanctions where two

---

[2] Mr. Washington's errata sheet also clarified that Plaintiff's counsel made the determination regarding the status of certain photographs as works for hire. (See Docket Entry 43-7 at 87; Docket Entry 48-4 at 2.)

-16-

witnesses "possessed no knowledge relevant to the subject matters identified in the Rule 30(b)(6) notice"); Universal Furniture Int'l, Inc. v. Collezione Europa, USA, Inc., 599 F. Supp. 2d 648, 653-55 (M.D.N.C. 2009) (Osteen, Jr., J.) (holding that party did not satisfy Rule 30(b)(6) obligations where it failed to produce information directly relevant to calculation of damages and specifically referenced in deposition notice and, further, failed to produce it upon subsequent court order).[3] Accordingly, the Court declines to order an additional Rule 30(b)(6) deposition of Plaintiff.

C. Cost-Shifting

Because the Court has denied Defendant's Motion to Compel, it "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B); see also Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D. W. Va. 2003) ("'The great operative principle of [Rule 37] is that the loser pays.'" (quoting Rickels v. City of South Bend, 33 F.3d 785, 786 (7th Cir. 1994))). "But the [C]ourt

---

[3] Defendant cites for this same proposition a third case, which discussed hypothetical misconduct by a Rule 30(b)(6) witness who strategically feigns ignorance at a deposition only to have the corporation claim knowledge of the same subject matter at trial. (See Docket Entry 43 at 13 (citing United States v. Taylor, 166 F.R.D. 356, 363 (M.D.N.C. 1996).)

-17-

must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

Plaintiff's Response to the instant Motion requested cost-shifting (Docket Entry 48 at 19) and Defendant presented no argument responsive to that issue in its Reply (see Docket Entry 59 at 1-9). Under these circumstances, the Court deems Defendant to have had its "opportunity to be heard," Fed. R. Civ. P. 37(a)(5)(B). For the reasons stated above, the Court further concludes that Defendant's instant Motion lacked substantial justification and that nothing renders cost-shifting unjust in this case. Accordingly, the Court will order Defendant and/or its counsel to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in opposing the instant Motion.

### III. CONCLUSION

Defendant has failed to establish grounds for relief under Federal Rule of Civil Procedure 37.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Written Discovery and 30(b)(6) Deposition (Docket Entry 42) is **DENIED.**

**IT IS FURTHER ORDERED** that, on or before April 4, 2014, Plaintiff shall serve Defendant with a statement setting out the

reasonable expenses, including attorney's fees, Plaintiff incurred in opposing the instant Motion.  Failure by Plaintiff to comply with this order will result in denial of any cost-shifting.

**IT IS FURTHER ORDERED** that, if Plaintiff timely serves Defendant with a statement of its reasonable expenses, Defendant <u>shall</u> file, on or before April 18, 2014, either: 1) a Notice indicating its and/or its counsel's agreement to pay the claimed expenses; <u>or</u> 2) a Memorandum of no more than five pages explaining why Defendant contests the reasonableness of the claimed expenses, along with a certification that Defendant attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses.  Failure by Defendant to comply with this order will result in the Court ordering, upon the filing of a Notice by Plaintiff of its reasonable expenses as contained in the statement it served upon Defendant, the payment of such expenses by Defendant.

**IT IS FURTHER ORDERED** that, on or before April 25, 2014, Plaintiff <u>shall</u> file a Response of no more than five pages to any Memorandum timely filed by Defendant contesting the reasonableness of the claimed expenses.  Failure by Plaintiff to comply with this order will result in denial of any expenses contested by Defendant as unreasonable.

**IT IS FURTHER ORDERED** that, on or before April 30, 2014, Defendant <u>may</u> file a Reply of no more than three pages to any Response timely filed by Plaintiff regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time for such briefing, the Clerk shall refer this matter back to the undersigned Magistrate Judge for further action.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 28, 2014

-20-

Case 1:13-cv-00181-TDS-LPA   Document 66   Filed 03/28/14   Page 20 of 20